IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BARBARA ANNETTE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-00397-CV-RK |
| | ) |
| ACTING COMMISSIONER OF SOCIAL SECURITY; | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 21.) Plaintiff's counsel seeks an award of $13,190.50 in attorney's fees. (*Id.*) In response, the Government states it neither supports nor opposes counsel's request for attorney's fees under § 406(b). (Doc. 23.)

In 2019, Plaintiff filed an application for Social Security disability benefits and was denied benefits. After an Administrative Law Judge ("ALJ") denied Plaintiff disability benefits and the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the Commissioner's decision to this Court. In an order issued February 18, 2022, this Court reversed and remanded the Commissioner's decision. (Doc. 15.) The Court remanded to the ALJ for further proceedings. (*Id.*)

On February 28, 2022, Plaintiff's counsel filed an application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 16.) The Court granted the motion on March 17, 2022, and awarded Plaintiff attorney's fees in the amount of $4,207.62. (Doc. 20.) The attorney's fees awarded under the EAJA were based on fee rates of $205.50 and $210.06 for 20.7 hours of legal work. (Doc. 16-1.)

Plaintiff received a fully favorable decision from the ALJ on July 25, 2022, awarding past due benefits in the amount of $52,762.00, from which SSA withheld $13,190.50 (25 percent of $52,762.00) for representative fees.

In the motion now before the Court, Plaintiff's counsel requests the Court award attorney's fees under § 406(b) in the amount of $13,190.50.[1]

The fees counsel may receive in representing a Social Security claimant are limited by statute. When a Social Security claimant receives a favorable judgment before a court, counsel may, pursuant to a contingent fee agreement with claimant, recover "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." § 406(b). Section 406(b) "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A contingent fee arrangement in the Social Security context is unenforceable and per se unreasonable if it exceeds 25 percent of the past-due benefits awarded to the claimant. *Id.* When, in a given Social Security case a contingent fee arrangement is enforceable (i.e., it does not provide for counsel to collect a fee more than 25 percent of the total of past-due benefits) the court must "then test[] it for reasonableness." *Id.* at 808.

In considering the reasonableness of a valid fee agreement in this context,

> district courts may consider the hourly rate in determining the reasonableness of a fee award, [but] the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results received, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel.

*Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08).

As the Supreme Court explained in *Gisbrecht*, in performing the "independent [reasonableness] check," courts may "appropriately reduce the attorney's recovery based on the character of the representation and the results the representative achieved" and to avoid a "windfall" where "the benefits are large in comparison to the amount of time counsel spent on the case." 535 U.S. at 807-08 (citations and quotation marks omitted). And in determining whether, in a particular case, the attorney's fees requested under a contingent fee arrangement are reasonable, the court may consider the hours of legal work spent representing the claimant and the lawyer's normal hourly billing charge for noncontingent-fee cases. *Id.* at 808.

---

[1] Plaintiff's counsel acknowledges in the motion that if an award of attorney's fees is granted under § 406(b), Plaintiff will be entitled to reimbursement by counsel of the $4,207.62 previously awarded in EAJA fees.

2

The contingent fee agreement in this case provides for counsel to recover attorney's fees equal to 25 percent of any past-due benefits the claimant ultimately receives. (Doc. 21-1.) In the motion now before the Court, Plaintiff's counsel requests an award of $13,190.50 in attorney's fees, which is 25 percent of the past-due benefits ($52,762) Plaintiff received. Neither the contingent fee arrangement in this case nor counsel's request for attorney's fees under that arrangement appear to exceed the statutory maximum and therefore are not per se unreasonable. *See* § 406(b).

Next, the Court must consider whether counsel has satisfied his burden to demonstrate the requested fee award is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered"); *id.* at n.17. Counsel ultimately received the best possible outcome for his client – successfully arguing for remand of an unfavorable disability decision. Counsel's successful representation of Plaintiff before this Court resulted, after remand to the ALJ, in an award of more than $52,000 in past-due benefits and, of course, Social Security disability benefits Plaintiff will receive on a monthly basis moving forward. On the record before the Court, it does not appear counsel caused any delay in the final adjudication of this matter that would inflate the past-due benefits Plaintiff ultimately received.

When considering whether the benefits achieved are large in comparison to the time expended by counsel, Courts in this district have looked to the complexity of the case and the lawyer's legal representation and the effective hourly rate of the requested award to evaluate whether the requested fee is excessive in comparison to the amount of time counsel spent on the case. In doing so, Courts in this district have compared the effective hourly rate of the requested award reduced by a factor of 2.8 (accounting for both the rate of success of Social Security cases and the nature of contingent-fee arrangements for representation in Social Security cases) with a normal hourly rate counsel might otherwise receive if on a non-contingent basis. *See McCall ex rel McCall v. Saul*, No. 2:17-CV-04005-WJE, 2021 WL 1579915, at *2 (W.D. Mo. April 21, 2021) (collecting cases); *see also Gisbrecht*, 535 U.S. at 808 (noting that in determining reasonableness a court may consider "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases") (citation omitted).

Here, counsel reports a total of 22.2 hours of attorney time spent representing Plaintiff before this Court. An award of $13,190.50 in attorney's fees for 22.2 hours of legal work yields

3

an effective hourly rate of $594.17 ($13,190.50 / 22.2 hours). Reducing this effective hourly rate by a factor of 2.8 yields a comparable non-contingent hourly rate of $212.20 ($594.17 / 2.8). This comparative non-contingent hourly rate is marginally higher than the range of hourly rates the Court previously found reasonable in awarding Plaintiff's counsel attorney's fees under the EAJA ($202.50 and $210.06). Considering that counsel received the best possible outcome for Plaintiff, was not responsible for any long delay in the proceedings, as well as the nature and character of the legal representation and issues presented in this case, and the comparable non-contingent hourly rate, the Court finds an award of $13,190.50 is reasonable and does not result in a windfall. *See Nida v. Saul*, No. 17-06149-CV-SJ-SWH, 2020 WL 5648206, at *2 (W.D. Mo. Sept. 22, 2020).

Therefore, it is **ORDERED** that Plaintiff's counsel's motion for attorney's fees under § 406(b) is **GRANTED**. Counsel is awarded $13,190.50 in attorney's fees and, accordingly, Plaintiff's counsel is directed to refund the $4,207.62 previously awarded in attorney's fees under the EAJA.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 10, 2023